J-S77039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONYAI DAVID LEE CORBETT | : | |
| | : | No. 483 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence February 14, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000246-2016

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED DECEMBER 29, 2017**

Appellant, Donyai David Lee Corbett, appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County after the court, sitting as finder of fact in Appellant's non-jury trial, found him guilty of, *inter alia*, one count of Driving Under the Influence ("DUI") of a controlled substance.[1]  Sentenced to 72 hours to six months' incarceration, plus fines and costs, Appellant contends the trial court abused its discretion in sustaining the Commonwealth's relevance-based objection to Appellant's line of questioning.  We affirm.

On the night of November 16, 2015, Pennsylvania State Trooper Peter Minko was driving his patrol car in furtherance of his regular traffic patrol duties when he observed Appellant's vehicle make a right turn without using

_____

[1] 75 Pa.C.S. § 3802(d)(2).

_____

*   Former Justice specially assigned to the Superior Court.

a turn signal to indicate the movement.  N.T. 2/14/17 at 17-18.  Trooper Minko executed a traffic stop, approached Appellant's vehicle, and initiated a face-to-face encounter with Appellant at the driver's side window.  N.T. at 21.  Trooper Minko detected a strong odor of marijuana emanating from the vehicle, prompting him to ask Appellant to exit his vehicle and submit to a field sobriety test.  N.T. at 22.

A preliminary breath test of Appellant registered 0.00 blood alcohol content, which, Trooper Minko explained at trial, allows for a more accurate drug influence evaluation of the driver.  N.T. at 37.  Appellant admitted to taking Adderall for his ADHD when asked about medication usage, but denied any other drug use.  N.T. at 39.

During the field test, the trooper observed Appellant had bloodshot eyes and red eye conjunctiva, a common occurrence with marijuana ingestion.  N.T. at 39-40.  Appellant also displayed another eye anomaly, a "lack of convergence," where the eyes fail to follow a moving object properly, N.T. at 40, exhibited poor balance on the walk-and-turn test, experienced body tremors on the leg raise test, and, on the passage-of-time test, estimated 14 seconds had expired when, in fact, 30 seconds had.  N.T. at 40-42.

Appellant also failed the finger-to-nose test, his pupils reacted abnormally to light exposure in a manner consistent with marijuana or other central nervous system stimulants, and he exhibited a green tongue consistent with recent marijuana use.  N.T. at 43-45.  Based on all these factors, Trooper Minko determined Appellant was incapable of safely driving a

motor vehicle for reasons of impairment by marijuana ingestion. N.T. at 46-47. Therefore, Appellant was arrested and charged with DUI and related offenses.

At Appellant's non-jury trial, defense counsel sought to cross-examine Trooper Minko as to whether he asked Appellant's permission to search his car at the time he placed Appellant under arrest. N.T. at 54. The Commonwealth lodged a relevance objection, and the trial court asked defense counsel to explain how this line of inquiry was relevant, as there was no allegation that any controlled substance was found in Appellant's possession. N.T. at 54.

Counsel responded that when officers believe someone is DUI, they usually check the vehicle for a controlled substance. The absence of the controlled substance in the vehicle, counsel continued, "would lend itself to the antithesis[,] that [the driver was] not using that substance." N.T. at 55.

The court disagreed, opining that the absence of an open container of alcohol inside a vehicle, for example, would not tend to disprove that a driver charged with DUI was alcohol impaired at the time of driving. N.T. at 55. The court, therefore, sustained the Commonwealth's relevance-based objection. N.T. at 56.

At the conclusion of evidence, the court found Appellant guilty of DUI and related offenses, as noted above. This timely appeal followed.

Appellant presents the following question for our review:

**DID THE HONORABLE TRIAL COURT ABUSE ITS DISCRETION IN SUSTAINING THE COMMONWEALTH'S RELEVANCE OBJECTION PURSUANT TO PA.R.E. 401 IN**

**RESPONSE TO TRIAL DEFENSE COUNSEL'S CROSS-EXAMINATION OF COMMONWEALTH WITNESS, TROOPER MINKO, AS TO WHETHER PARAPHERNALIA OR A CONTROLLED SUBSTANCE HAS BEEN FOUND IN MR. CORBETT'S VEHICLE DURING THE TROOPER'S INVESTIGATION?**

Appellant's brief, at 5.

As our Supreme Court has directed,

> the decision to admit or exclude evidence is committed to the trial court's sound discretion and its evidentiary rulings will only be reversed upon a showing that it abused that discretion.  Such a finding may not be made "merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Sherwood***, 603 Pa. 92, 112, 982 A.2d 483, 495 (2009).  Furthermore, an erroneous ruling by a trial court on an evidentiary issue does not necessitate relief where the error was harmless beyond a reasonable doubt. ***See Commonwealth v. Markman***, 591 Pa. 249, 277, 916 A.2d 586, 603 (2007).

***Commonwealth v. Laird***, 988 A.2d 618, 636 (Pa. 2010).

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402.  "Evidence is considered relevant if it logically tends to establish a material fact in the case, tends to make the fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." ***Commonwealth v. LaCava***, 666 A.2d 221, 227–28 (Pa. 1995). Nonetheless, admissibility of evidence is left to the sound discretion of the trial court and evidentiary rulings will be reversed only where there is a showing of both abuse of that discretion and resulting prejudice. ***Commonwealth v. Glass***, 50 A .3d at 724–25 (citation omitted).

Appellant contends that evidence as to the absence of marijuana or paraphernalia in the vehicle would have supported the inference that he was not under the influence of marijuana while driving. Just as decisional law has held the presence of open alcohol containers or contraband was relevant evidence in a DUI trial, so too must the converse be relevant, Appellant posits, that is, that the absence of contraband in the vehicle tends to show sobriety. We disagree.

While the presence of partially consumed marijuana inside a vehicle would tend to make it even more probable that a DUI suspect already manifesting clear signs of marijuana impairment was, in fact, impaired, it cannot likewise be said that the absence of marijuana would tend to make it less probable that the same driver was, in fact, impaired. This is so because the absence of marijuana in the car in no way diminishes the incriminating force of observational evidence—particularly evidence offered by an experienced state trooper specially trained in DUI enforcement—describing a driver's marijuana impairment at the scene of the traffic stop and field sobriety test. Instead, the lack of contraband in a vehicle reasonably leads only to the inference that the visibly impaired driver must have ingested the marijuana at some moment before the stop.

Appellant was charged not with a possessory crime, but with DUI, instead. Possession of contraband is not an element of DUI at Section

3802(d)(2) of the Vehicle Code.[2]  Under the facts of the present case, therefore, whether officers discovered the absence of marijuana inside Appellant's vehicle was irrelevant to the issue of whether Appellant was impaired for purposes of Section 3802(d)(2).  Accordingly, we discern no abuse of the court's discretion in sustaining an objection to defense counsel's inquiry into the presence or absence of marijuana in the vehicle.

Judgment of sentence is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17

---

[2] Section 3802(d)(2) provides:

(d) Controlled Substances – An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

****

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2).